UNITED STATES DISTRICT COURT

NORTHREN DISTRICT OF OHIO

| | |
|---|---|
| Jeannette Marie Kramer | CASE NO.: |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| | DEMAND FOR JURY TRIAL |
| Dadant & Sons, Inc. | |
| Defendants | |

Plaintiff Jeannette Kramer, by and through her attorney, George C. Geddes, for its Complaint against defendant Dadant & Sons., Inc., alleges, on knowledge as to its own actions and otherwise on information and belief, as follows:

PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's sculpture "Celtic Imperial" (the "Copyrighted Work") and related claims. Exhibit A.

2. Plaintiff is a sculptor dealing primarily in wax designs for liturgical candles used in religious locations and services.

3. On or around April 11, 2006, Plaintiff created the Copyrighted Work. As a result, Plaintiff is the owner of all copyright rights in the Copyrighted Work. Since creation of the Copyrighted Work, Plaintiff has created copies of the Copyrighted Work and licnesed production of the Copyrighted work.

4. Copyrighted Work is registered at the United States Copyright Office as visual work with the number VA0002283837. Exhibit 2.

4. All of the claims asserted herein arise out of and are based on Defendant's copying, reproduction, distribution, public display, and sale of elements of the Copyrighted Work without Plaintiff's consent. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

5. Plaintiff seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, Plaintiff's damages and Defendant's profits from Defendant's willfully infringing conduct, and other monetary relief.

JURISDICTION AND VENUE

6. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district, and 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this district regarding this action, and there is no other district in which the action may otherwise be brought.

PARTIES

8. Plaintiff Jeannette Marie Kramer is a citizen and resident in Ohio residing at 1126 Oakland Ave., Akron, OH 44310.

11. On information and belief, Defendant Dadant & Sons, Inc. is a Delaware corporation with a registered agent for service at 108 West 13th Street, Willimington, DE 19801.

12. Defendant's primary business address is 51 South 2nd Street, Hamiltion, Illinois 62341.

FACTS

13. Plaintiff is a sculptor that creates designs in wax used in liturgical candles for religious locations and services.

14. Defendant is involved in the manufacture and sale of liturgical candles for religious locations and services.

15. On July 29, 2002 Plaintiff and Defendant entered into a contract for Plaintiff to design candles for Defendant ("Agreement"). Exhibit 3.

16. The Agreement provides "The copyright for each design remains the property of the Contractor [Plaintiff]."

17. The agreement also provides "An accurate accounting of sales of designs will be made to Contractor [Plaintiff] at the end of every six months."

18. On or around April 11, 2006 plaintiff created the work "Celtic Imperial" the Copyright Work.

19. The Copyrighted Work contains a crucifix made of weaved lines, a circle back ground, and is surrounded by two placards above and below the cross. The bottom band includes the current year and the top placard includes a Greek letter design with doves.

20. The Copyrighted Work also achieves its gold effect by a gold foil transfer process developed proprietarily by the Plaintiff.

21. On July 9, 2009 Plaintiff and Defendant agreed to amend the Agreement. ("Amendment"). Exhibit 4.

22. The Amendment provides "All copyrighted designs without derived works are ID's [Plaintiff's] to produce Liturgical Candles (Candles) with invaluable trade secrets for gold decoration…and powder pigment techniques already licensed to DD [Defendant]. DD will not lessen any benefits of all these propriety rights."

23. The Amendment also provides "DD [Defendant] shall furnish to ID [Plaintiff] complete, timely, and accurate itemized statement certified by the Chief Financial Officer…[and] all royalties due before (thirty) days after each year….If any inconsistencies, special orders, mistakes, or errors are discovered, they shall be immediately rectified and paid."

24. On or around May 21, 2009 Plaintiff provided equipment to Defendant to manufacture Plaintiff's designs, specifically templates, schematics, and molds for a variety of designs, including Celtic Imperial. (Molds)

25. In a May 21, 2009 email Plaintiff told Defendant "The molds will remain my property and will be returned to me when you eliminate any designs from your line."

26. In a May 22, 2009 letter Defendant confirmed to Plaintiff that "The molds will remain the property of Inspirational Designs LLC [Plaintiff] and may only be used to produce Jeanette's [Plaintiff's] designs. No further license is given to produce candles or products using Jeanette Kramer's designs or her techniques."

27. In the same May 22, 2009 letter from Defendant it states "Jeanette will be sent current copies of all advertisement."

28. In the same May 22, 2009 letter from Defendant it states "If Dadant and Sons, Inc. discontinues selling one of Jeanette Kramer's designs, all molds relating to that design will be returned to Jeanette Kramer." And "If Dadant and Sons Inc. has a need to modify any design they must get Jeanette's written permission."

29. For the past seven years various designs using Molds were made and then discontinued.

30. On September 29, 2021 Plaintiff asked by phone for Defendant for the return of Molds for discontinued designs. Defendant was told the Molds were thrown out.

31. On or around 2020 Defendant started to sell the candle "Aureum".

32. The work "Aureum" contains a crucifix made of weaved lines, a circle back ground, and is surrounded by two bands above and below the cross. The bottom band includes the current year and the top band includes a Greek letter design with doves.

33. In June 2021 Defendant gave no accounting of sales and payment due to Plaintiff.

34. Also in June 2021 Defendant failed to submit catalogues showing the how Plaintiff's works were sold.

35. Upon request of the Plaintiff brochures were sent in late June 2021, and Plaintiff discovered the work "Aureum" being sold by Dadant.

Count I

Copyright Infringement

36. Plaintiff re-alleges paragraphs 1 through 35 as though fully set forth here.

37. The Copyrighted Work is an original work copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work.

38. Defendant has access to the design for Celtic Imperial.

39. Defendant copied design elements of Celtic Imperial into their candle Aureum.

40. The Defendants copying design elements of Celtic Imperial into their candle Aureum was not authorized by Plaintiff.

41. Defendant's copying design elements were willful and knowing contrary to

Plaintiff's copyrights.

42. Defendant profited off the sales of the design elements in Celtic Imperial incorporated into Aureum.

## Count II

### Conversion by a Bailee

43. Plaintiff re-alleges paragraphs 1 through 42 as though fully set forth here.

44. On or around May 21, 2022 Plaintiff Entrusted to Defendant Molds with the agreement they were Plaintiff's property and would be returned if the candles were discontinued.

45. Plaintiff's Entrustment created a Bailer/Bailee relationship between Plaintiff and Defendant.

46. On September 29, 2021 Plaintiff requested, and was refused, return of Plaintiff's Molds for discontinued candles.

47. On September 29, 2021 Defendant stated Plaintiff's Molds were destroyed.

48. Defendant's actions in refusing to return and admission of destruction were contrary to the terms of the bailment.

49. Defendant's actions were willful.

50. Plaintiff suffered damage in the loss of the molds.

## Count III

### Civil Conversion

51. Plaintiff re-alleges paragraphs 1 through 50 as though fully set forth here.

52. On or around May 21, 2022 Plaintiff Entrusted to Defendant Molds with the agreement they were Plaintiff's property and would be returned if the candles were discontinued.

53. On September 29, 2021 Plaintiff requested, and was refused, return of Plaintiff's Molds for discontinued candles.

54. On September 29, 2021 Defendant stated Plaintiff's Molds were destroyed.

55. Defendant's actions interfered with Plaintiff's rights to the Molds.

56. Defendant's actions were willful.

57. Plaintiff suffered damage in the loss of the molds.

## Count IV

### Breach of Contract

58. Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth here.

59. Plaintiff and Defendant entered into a contract on July 29, 2002 to sell Plaintiff's deigns for royalties.

60. Plaintiff and Defendant also agreed to provide proper accounting of royalties.

61. Defendant failed to provide proper accounting and royalties for the year 2020.

62. Defendant breached the contract.

## Count V

### Unjust Enrichment

63. Plaintiff re-alleges paragraphs 1 through 62 as though fully set forth here.

64. Plaintiff provided and entrusted Defendant designs and Molds under an agreement.

65. Defendant acknowledged the value of the designs and Molds provided and entrusted.

66. Defendant did not adequately compensate Plaintiff for the use of the designs and Molds provided and Entrusted.

## Count VI

### Fraud

67. Plaintiff re-alleges paragraphs 1 through 66 as though fully set forth here.

68. On or around May 21, 2009 Defendant stated Molds would be returned once discontinued.

69. The statement the Molds would be returned once discontinued was false at the time.

70. Defendant made the statement with the intent to receive Molds from Plaintiff.

71. Plaintiff did send the Molds to Defendant based on this statement.

72. Plaintiff is damaged by the loss of the Molds.

## Count VII

### Promissory Estopple

73. Plaintiff re-alleges paragraphs 1 through 72 as though fully set forth here.

74. On or around May 21, 2009 Defendant stated Molds would be returned once discontinued.

75. Defendant made the statement with the intent to receive Molds from Plaintiff.

76. Plaintiff did send the Molds to Defendant based on this statement.

77. Plaintiff is damaged by the loss of the Molds.

**Now whereby,** Plaintiff asks judgment against Defendant as follows:

1. That Defendant has violated Sections 501 of the Copyright Act (17 U.S.C. § 501).

2. Enjoin the Defendants from selling the candle Aureum under 17 U.S.C. § 502.

3. Impoundment of any materials, such as molds and designs, relating to the candle Aureum under 17 U.S.C. § 503.

4. Disgorgement of proceeds from the sale of Aureum plus statutory damages for willful infringement under 17 U.S.C. § 504.

5. Attorney's fees and costs related to bringing this suit under 17 U.S.C. § 505.

6. A proper accounting and related royalties due to Plaintiff under the Agreement and Amendment for use of Plaintiff's designs and propriety processes.

7. Damages up to the cost of recreating the Molds destroyed by Defendant.

8. Trebling of damages for the cost of the Molds destroyed by Defendant for their fraudulent statements.

9. A determination that the contract has been breached by Defendant.

10. Return of any plans, schematics, computer files, molds, and other design

information.

11. Any other relief the court feels is just.

DATED: September 27, 2021

                                                    Respectfully submitted

George C. Geddes
32 Eldred Ave.
Bedford, OH 44146
(216) 854-5532
geddesatty@gmail.com
Attorney for Plaintiffs